ROBERT WILCOX,      )
             )
      Movant,   )
             )
    v.        ) No. 4:16-CV-835 (CEJ)
             )
UNITED STATES OF AMERICA,  )
             )
      Respondent. )

## MEMORANDUM

This matter is before the Court on the motion and amended motion of Robert Wilcox to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition.

### I. Background

On January 28, 2010, Wilcox pled guilty to two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). Wilcox's prior felony convictions included (1) burglary second degree of a building, in violation of Mo. Rev. Stat. § 569.170; (2) aggravated robbery with a firearm, in violation of Tex. Penal Code Ann. § 29.03(a)(2); (3) assault second degree, in violation of Mo. Rev. Stat. § 560.011.[1] Based on these convictions, Wilcox was found to be an armed career criminal, making him subject to a mandatory minimum 15-year sentence of imprisonment. *See* 18 U.S.C. § 924(e)(1). On December 6, 2010, Wilcox was sentenced to concurrent terms of 188 months' imprisonment.

---

[1] Wilcox also had a second burglary second degree conviction and a conviction for resisting/interfering with arrest.

## II.  Discussion

Wilcox asserts that he can no longer be deemed an armed career criminal because his prior conviction for burglary second degree no longer qualifies as a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Thus, he argues, he does not have the requisite number of predicate felony convictions to justify the enhanced sentence under the ACCA. In support of his claim, Wilcox relies on two recent decisions by the Supreme Court.

In *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony."  The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added).  The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.  Further, the Court made clear that its decision did not implicate the enumerated offenses of burglary, arson, extortion, and use of explosives.  *Id.*  ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

The following year, in *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Court addressed the issue of determining whether a defendant's prior conviction qualifies as one of the enumerated offenses under the ACCA. The Court ruled that a prior conviction does not qualify as the generic form of an enumerated offense when the elements of the statute on which the prior conviction is based are broader than the elements of the generic form of the offense. *Mathis*, 136 S.Ct. at 2257. Thus, the Court held that Mathis's Iowa burglary conviction was not a predicate offense under the ACCA, because the elements of the state's burglary statute were broader than the elements of the enumerated offense of generic burglary. *Id.*

Wilcox's burglary second degree conviction was based on Mo. Rev. Stat. § 569.170.1 which provides that "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." The term "inhabitable structure" is defined to include "a ship, trailer, sleeping car, airplane, or other vehicle or structure" where people live or conduct business; where they assemble for business, education, religious, governmental or entertainment purposes; public transportation; or a structure used of overnight accommodation. Mo. Rev. Stat. 569.010.2 (2007). In the wake of the *Johnson* and *Mathis* decisions, the Eighth Circuit has addressed whether burglary second degree of a building qualifies as a violent felony for purposes of the ACCA.

In *United States v Sykes*, 844 F.3d 712 (8th Cir. 2016), the court of appeals determined that the Missouri statute "contains at least two alternative elements:

burglary 'of a building' and burglary of 'an inhabitable structure,' separated in the text by the disjunctive 'or'." *Id*. at 715 [*quoting* Mo. Rev. Stat. § 569.170]. Because the statute listed the elements in the alternative, the court applied the modified categorical approach approved in *Mathis* and determined that Sykes' prior conviction was for burglary of a building. *Id*. [*citing Mathis*, 136 S. Ct. at 2249 (when elements of offense are listed in the alternative, courts may look to documents, such as indictment, plea agreement, or jury instructions "to determine what crime, with what elements, a defendant was convicted of.")]. The court determined that second-degree burglary of a building is an offense that "conforms to the elements of a generic burglary as promulgated in <u>Taylor</u> [*v. United States*, 495 U.S. 602 (1990)]: (i) unlawful entry or remaining in (ii) a building or structure (iii) with the intent to commit a crime." *Id.* [*citing Taylor,* 495 U.S. at 598]*.* The court further ruled that "because burglary of 'a building' describes an element of second-degree burglary rather than a means, our decision does not run afoul of *Mathis*." *Id.* Thus, the court held that the Missouri offense of burglary second degree of a building constitutes a violent felony under the ACCA. *Id*. at 716. The Eighth Circuit reaffirmed this holding in *United States v. Naylor*, 2017 WL 1163645 at *1 (8th Cir. 2017).

In the instant case, Wilcox's conviction for second degree burglary of a building clearly qualifies as generic burglary—an enumerated offense in the ACCA. The residual clause invalidated by *Johnson* is inapplicable and Wilcox is not entitled to relief based on *Mathis*.

**\*\*\*\***

The Court concludes that the motions to vacate and the files and records of this case conclusively show that Wilcox is not entitled to relief under 28 U.S.C. §

2255.  Therefore, the motion and amended will be denied without a hearing. *See Engelen v. United States*, 68 F.3d  238, 240 (8th Cir. 1995). Additionally, the Court finds that Wilcox has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. ç 2253.

An Order consistent with this Memorandum will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2017.